**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHERRY A. SCHIEBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-582-BMJ |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sherry A. Schiebert, seeks judicial review of the Social Security Administration's (SSA) denial of her application for supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 12], and both parties have briefed their positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.      Procedural Background**

On February 1, 2016, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff was not disabled and, therefore, not entitled to SSI. AR 11-21. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-3. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's ECF pagination.

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. § 416.920. Following this process, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since March 20, 2014, her amended alleged onset date. AR 13.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: obesity, borderline intellectual function, depression, arthritis, and chronic obstructive pulmonary disease. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 16-18.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that:

> [Plaintiff can] perform sedentary work as defined in 20 CFR 416.967(a) except work must be limited to simple, routine, and repetitive tasks. [Plaintiff] can occasionally interact with co-workers, supervisors, and public. [Plaintiff] must be free of production rate pace.

*Id.* at 18.

At step four, the ALJ determined Plaintiff has no past relevant work, *id.* at 19, and at step five, relying on a vocational expert's (VE) testimony, the ALJ found Plaintiff can perform work existing in significant numbers in the national economy. *Id.* at 20-21. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id*. at 21.

## III.     Claims Presented for Judicial Review

Plaintiff alleges the ALJ erred in: (1) either ignoring or rejecting the consultative examiner's opinion that during an eight-hour workday, Plaintiff can only sit for a total of three hours, stand for a total of three hours, and walk for a total of two hours; and (2) either ignoring or

rejecting the State agency psychologists' opinions that Plaintiff is capable of performing only "simple 1-2 step instructions."  Pl.'s Br. at 7-14.

## IV.    Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)).

## V.    Analysis

In December 2015, a consultative physician, Dr. S. A. Chaudry, M.D., examined Plaintiff at the SSA's request and completed a medical source statement documenting Plaintiff's ability to do work-related activities.  AR 325-332.  In relevant part, Dr. Chaudry opined that Plaintiff can sit for one hour at a time, stand for one hour at a time, and walk for thirty minutes.  *Id.* at 329.  Then, the physician opined that, in an eight-hour workday, Plaintiff can only sit for a total of three hours, stand for total of three hours, and walk for a total of two hours.  *Id.*

The ALJ documented, with great detail, Dr. Chaudry's findings and opinions, including Plaintiff's ability to sit and stand for one hour at a time and walk for thirty minutes.  *Id.* at 15-16. However, the ALJ failed to acknowledge Dr. Chaudry's opinion that Plaintiff can only sit and stand for three hours total, and walk for two hours total, in an eight-hour workday.  *Id.* Additionally, the ALJ never described the weight she gave to Dr. Chaudry's opinion, although it

appears that she adopted the portions of the opinion that she discussed.  The Court assumes this, because while the ALJ gave the State agency physicians' opinions "great weight," *id.* at 19,[2] those experts believed that Plaintiff can perform work at the light exertional level, *id.* at 53, 66, and the ALJ found that Plaintiff can perform only sedentary work.  *Id.* at 18.  Notably, those experts gave their opinions in July and September 2014, and did not review Dr. Chaudry's December 2015 findings.  *Id.* at 51-56, 64-69.

The ALJ's assessment of Dr. Chaudry's opinion is grounds for reversal.  She either overlooked Dr. Chaudry's opinion that Plaintiff can, in relevant part, only sit for a total of three hours in an eight-hour workday, or she intended to reject the opinion.  If the first instance is true, the error is fatal because with that limitation, Plaintiff likely cannot perform the full range of sedentary work described in the RFC.  *See Williams v. Berryhill*, 682 F. App'x 665, 669 n. 1 (10th Cir. 2017) ("Sedentary work typically involves a good deal of sitting"); SSR 96-9P, 1996 WL 374185, at *3 (1996) (describing the requirements for performing a full range of sedentary work and stating:  "Sitting would generally total about 6 hours of an 8-hour workday.").  If the second instance is true, the ALJ entirely failed to acknowledge her rejection of the evidence or give specific and legitimate reasons for discounting the physician's opinion.  *See* 20 C.F.R. § 416.927(c) (stating an ALJ is required to properly consider medical opinions and provide legitimate reasons for discounting them).  And, the Court is precluded from engaging in the type of post-hoc analysis that Defendant invites in order to try and cure the error.  *See* Def.'s Br. at 2-7; *see also Brown v. Colvin*, 595 F. App'x 803, 806 (10th Cir. 2014) ("The ALJ did not consider or evaluate this

---

[2] The ALJ cited the State agency opinions as Exhibits 1F and 4F.  AR 19.  The medical experts' opinions actually appear at Exhibits 1A and 4A.  *Id.* at 50-60, 63-73.

evidence, and we will not engage in a post-hoc attempt to salvage the ALJ's decision where the ALJ himself did not discuss or weigh it.").

Because reversal is warranted on Plaintiff's first claim, the Court does not fully address Plaintiff's second allegation. However, the Court does note two issues the ALJ may wish to review on remand. The ALJ gave "great weight" to the State agency opinions concerning Plaintiff's mental RFC. AR 19. However, those experts believed Plaintiff "is not able to relate to the general public," *id.* at 58, 71, and, without explanation, the ALJ found Plaintiff can "occasionally interact" with the public. *Id.* at 18. These same experts also found that Plaintiff is "markedly limited" in her ability to carry out detailed instructions and opined that she can perform only "simple" work, which they described as "1-2 step instructions for 2 hour periods over an 8 hour day." *Id.* at 57-58, 70-71. Jobs with a reasoning level of two or higher, as the ALJ found Plaintiff can perform, *id.* at 20, 48, generally require a worker to "carry out *detailed* but uninvolved written or oral instructions." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (emphasis added). It is reasoning level one jobs that generally require only the ability to perform "simple one-or two-step instructions." *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016). On remand, the ALJ may wish to alter or clarify her RFC assessment so that it comes into accord with the opinions to which she gave great weight, or should explain why she is rejecting the relevant opinions.

## IV.     Conclusion

For the reasons set forth, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 18th day of January, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE